*Of Counsel:*
LAW OFFICES OF MICHAEL G. BRUCKI, LLP
MICHAEL G. BRUCKI, ESQ. (MB 9422)
425 North Wood Avenue
Linden, New Jersey 07036
Telephone: (908) 486-0027
Fax:   (908)507-0117

THE PAGAN LAW FIRM, P.C.
TANIA M. PAGAN, ESQ.  (TP 4449)
245 Fifth Avenue, Suite 1002
New York, New York 10016
Telephone: (212) 967-8202
Fax:        (212) 967-8794
Email:  tpagan@thepaganlawfirm.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUZ MERY MONCADA as Executrix of the Estate of LUIS MONCADA and LUZ MERY MONCADA individually,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>UNITED STATES OF AMERICA, DR. RICHARD WATSON, and JOHN/JANE DOES #1-25 (being the fictitious names of persons who are not presently known to plaintiff),<br><br>　　　　　　　　　　Defendants. | Civil Action No. 212-cv-02622-WHW<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, LUZ MERY MONCADA as Executrix of the Estate of LUIS MONCADA and LUZ MERY MONCADA individually, complaining of the defendants herein, by their attorneys, THE PAGAN LAW FIRM, P.C., allege the following upon information and belief:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to The Federal Tort Claims Act or "FTCA", 28 U.S.C. §1346 (b), 2401(b), 2671-80 which vests exclusive subject matter jurisdiction of suits such as this in the United States District Court.

2. The United States Department of Health and Human Services, and its health centers and clinics, is a department of the UNITED STATES OF AMERICA.

3. The ZUFALL HEALTH CENTER is a Federally Qualified Health Center deemed covered by the Unites States Department of Health and Human Services under the FTCA program and has its principal place of business located at 17 South Warren Street, Dover, New Jersey.

4. The UNITED STATES OF AMERICA is therefore a proper defendant in this case.

5. Venue is properly laid in the United States District Court for the District of New Jersey, because plaintiff is domiciled and reside at 54 Highview Terrace, Dover, New Jersey and because the acts giving rise to the Complaint occurred in the

ZUFALL HEALTH CENTER located at 17 South Warren Street, Dover, New Jersey.

6. That within two (2) years after the claims of medical and nursing negligence herein accrued, on the 19th day of April, 2011 plaintiffs presented an administrative claim pursuant to "Claim for Damage, Injury, or Death," Standard Form 95, to be filed with the United States Department of Health and Human Services.

7. On November 8, 2011, the United States Department of Health and Human Services mailed a final determination that the "Administrative Tort Claim of Louis and Luz Moncada, Claim No. 2011-0301" was denied and plaintiffs' claims have remained unadjusted, uncompromised, unpaid and unsettled. Suit is now timely instituted against the UNITED STATES OF AMERICA herein pursuant to FTCA, 28 U.S.C. §2401(b).

8. Plaintiffs have duly complied, so far as is possible, with all conditions precedent set forth in the FTCA, 28 U.S.C. §2401 to the bringing of this action.

## THE PARTIES

9. At all times herein, plaintiff's decedent, LUIS MONCADA and LUZ MERY MONCADA were married and resided at 54 Highview Terrace, Dover, New

Jersey. Plaintiff's decedent, LUIS MONCADA, died on October 22, 2012 and on December 3, 2012 the Morris County Surrogate's Court issued Letters Testamentary to LUZ MONCADA authorizing her to administer the estate of the decedent.

10. The personal injuries, damages and death of plaintiff's decedent, LUIS MONCADA (hereinafter referred to as "plaintiff, LUIS MONCADA") and resulting damages of which the Complaint is made were proximately caused by the medical and nursing negligence and wrongful acts and/or omissions of employees of the defendant, UNITED STATES OF AMERICA and more particularly the ZUFALL HEALTH CENTER, located at 17 South Warren Street, Dover, New Jersey, including but not limited to DR. RINA RAMIREZ-ALEXANDER, KAREN FELDMAN, R.N., A.N.P., DR.RICHARD WATSON, NICOLE C. JENISCH, M.S.N., A.P.N. and JOHN/JANE DOES #1-25 (being the fictitious names of persons who are not presently known to plaintiff).

11. DR. RINA RAMIREZ-ALEXANDER, KAREN FELDMAN,R.N., A.N.P., DR. RICHARD WATSON, NICOLE C. JENISCH, M.S.N., A.P.N. and JOHN/JANE DOES #1-25 (being the fictitious names of persons who are not presently known to plaintiff), are employees of the ZUFALL HEALTH CENTER located at 17 South Warren Street, Dover, New Jersey at all times herein and acted within the scope of their federal employment at the time of the events alleged herein.

## COMPLAINT

## AS AND FOR A FIRST COUNT

12. At all times material hereto, plaintiff, LUIS MONCADA, was a patient at the ZUFALL HEALTH CENTER located at 17 South Warren Street, Dover, New Jersey beginning on or about March 3, 2009 and continuing to October 27, 2010.

13. At all times hereinafter mentioned, the defendant UNITED STATES OF AMERICA, through its employees, servants, agents and/or independent contractors at the ZUFALL HEALTH CENTER, specifically including but not limited to DR. RINA RAMIREZ-ALEXANDER, KAREN FELDMAN,R.N., A.N.P., DR. RICHARD WATSON, NICOLE C. JENISCH, M.S.N., A.P.N. and JOHN/JANE DOES #1-25 (being the fictitious names of persons who are not presently known to plaintiff), rendered medical and nursing care and treatment to plaintiff, LUIS MONCADA, beginning on or about March 3, 2009 and continuing to October 27, 2010.

14. ZUFALL HEALTH CENTER is a clinic facility that provides and holds itself out to provide medical and nursing care to persons afflicted with illness or disease.

15. At all times material hereto, DR. RINA RAMIREZ-ALEXANDER was and still is a physician licensed to practice medicine in the State of New Jersey.

16. DR. RINA RAMIREZ-ALEXANDER, held herself out to the public and more particularly to the plaintiff, LUIS MONCADA, as possessing the proper degree of learning and skill, and that she undertook to use reasonable care and diligence in the treatment of the plaintiff, LUIS MONCADA.

17. At all times material hereto, DR. RICHARD WATSON was and still is a physician licensed to practice medicine in the State of New Jersey.

18. DR. RICHARD WATSON held himself out to the public and more particularly to the plaintiff, LUIS MONCADA, as possessing the proper degree of learning and skill, and that he undertook to use reasonable care and diligence in the treatment of the plaintiff, LUIS MONCADA.

19. At all times material hereto, KAREN FELDMAN, R.N., A.N.P. was and still is a nurse and/or nurse practitioner so licensed to practice in the State of New Jersey.

20. KAREN FELDMAN, R.N., A.N.P., held herself out to the public and more particularly to the plaintiff, LUIS MONCADA, as possessing the proper degree of learning and skill, and that she undertook to use reasonable care and diligence in the treatment of the plaintiff, LUIS MONCADA.

21. At all times material hereto, NICOLE C. JENISCH, M.S.N., A.P.N., was and still is a nurse and/or nurse practitioner so licensed to practice in the State of New Jersey.

22. NICOLE C. JENISCH, M.S.N., A.P.N., held herself out to the public and more particularly to the plaintiff, LUIS MONCADA, as possessing the proper degree of learning and skill, and that she undertook to use reasonable care and diligence in the treatment of the plaintiff, LUIS MONCADA.

23. At all times material hereto, JOHN/JANE DOES #1-25 (being the fictitious names of persons who are not presently known to plaintiff) were and still are physicians, or nurses and/or nurse practitioners so licensed to practice medicine or nursing in the State of New Jersey.

24. JOHN/JANE DOES #1-25 (being the fictitious names of persons who are not presently known to plaintiff) held themselves out to the public and more particularly to the plaintiff, LUIS MONCADA, as possessing the proper degree of learning and skill, and that they undertook to use reasonable care and diligence in the treatment of the plaintiff, LUIS MONCADA.

25. The defendant UNITED STATES OF AMERICA and its agents, servants, independent contractors and/or employees were negligent and careless in the medical and nursing care and treatment rendered to plaintiff, LUIS MONCADA, by failing to exercise the degree of care and skill commonly exercised by other physicians and nurses under the same or similar circumstances and thereby deviated from the good and accepted standards required by them, including but not limited to the following deviations: in failing to follow standard and accepted medical and nursing practices

and procedures; in failing to follow good and accepted internal practices and procedures; in failing to follow good and accepted medical and nursing care practices and procedures; in failing to timely and/or properly recommend, render or provide proper and adequate care and treatment in accordance with standard and accepted medical and nursing practices and procedures; in failing to timely and properly diagnose and treat plaintiff's lung cancer; in failing to timely and properly formulate differential diagnosis; in rendering or providing improper and inadequate medical and nursing care and treatment in a careless and negligent manner and contrary to standard and accepted medical and nursing practices and procedures; in failing to provide professional, and appropriate medical and nursing care and treatment including, without limitation, the duty to hire, train and supervise employees and independent contractors that delivered care and services to the plaintiff in accordance with the applicable standards of care; in failing to coordinate plaintiff's care; in failing to conduct the necessary and indicated examinations and/or re-examinations, tests, and/or procedures; in failing to maintain an accurate medical chart; in failing to timely and/or properly test and analyze lung infiltrates and/or other pertinent findings on imaging; in failing to timely and properly order and/or perform serial radiographic and/or diagnostic tests; in failing to timely and properly render a diagnosis and alternatively, misdiagnosed plaintiff; in failing to timely and properly render a definitive diagnosis; in failing to timely order and obtain various blood

samples or cultures; in failing to timely obtain a second opinions and/or consults; in failing to properly and timely interpret studies; in failing to timely and properly order and perform laboratory studies; in failing to timely and properly order and perform blood tests; in violating the applicable rules, laws, statutes, and regulations in such cases made and provided; and they were otherwise careless and negligent and failed to act in a reasonable and acceptable medical and nursing manner.

26. As a direct and proximate result of the negligence and carelessness of the defendants, aforesaid, plaintiff, LUIS MONCADA, suffered economic damages, serious personal injuries and conscious physical pain and suffering from lung cancer and associated conditions, emotional distress, mental anguish and knowledge and fear of impending death and suffering including but not limited to: FAILURE TO TIMELY DIAGNOSE LUNG CANCER; EXACERBATION AND WORSENING OF LUNG CANCER;UNFETTERED PROGRESSION OF LUNG CANCER; LOSS OF A CHANCE OF CURE FROM CANCER; LOSS OF CANCER TREATMENT OPTIONS; LOSS OF ENJOYMENT OF LIFE; PSYCHOLOGICAL, MENTAL PAIN, ANGUISH, ANXIETY AND SUFFERING INCLUDING FEAR AND KNOWLEDGE OF IMPENDING DEATH AND DIMINISHED LIFE SPAN; IMPAIRED ABILITY TO PERFORM THE DAILY REQUIREMENTS OF LIVING; CHEMOTHERAPY, RADIATION AND MEDICAL INTERVENTION

REQUIRED; and CONSCIOUS PAIN AND SUFFERING AS A CANCER VICTIM AND ULTIMATELY DEATH.

27. That as a direct and proximate result of the foregoing, plaintiff's decedent, LUIS MONCADA has been damaged by the defendants herein and his estate seeks a monetary award and damages for the pain, suffering, damages and death of the decedent set forth herein below in plaintiffs' prayer for relief.

## AS AND FOR A SECOND COUNT

28. Plaintiffs, repeat, reiterate and reallege each and every allegation of the complaint set forth in paragraphs "1" through "27" of the First Count of this Complaint with the same force and effect as though said allegations were herein fully set forth at length.

29. That at all times hereinafter mentioned, plaintiff, LUZ MERY MONCADA, was and is the lawful wedded wife of plaintiff, LOUIS MONCADA.

30 That by reason of the aforesaid wrongful death of the decedent, plaintiff, LUZ MERY MONCADA, was caused to be deprived of the care, comfort, services, intimacy, companionship and financial support and contributions of her husband LOUIS MONCADA, and was caused to incur pecuniary damages including funeral and burial expenses related to the death of her husband and medical expenses

associated with her husband's cancer diagnosis, care and treatment and ultimate death.

31. That by reason of the foregoing, plaintiff, LUZ MERY MONCADA, has been damaged by the defendants herein and seeks a monetary award and damages set forth herein below in plaintiffs' prayer for relief.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs demand judgment against the defendant, the UNITED STATES OF AMERICA, DR. RICHARD WATSON and JOHN/JANE DOES #1-25 (being the fictitious names of persons who are not presently known to plaintiff), and/or in the alternative, for such sums as would reasonably and properly compensate plaintiffs in accordance with the laws of the State of New Jersey, the Federal Tort Claims Act, and the sums demanded of FOUR MILLION DOLLARS ($4,000,000) for LUIS MONCAD'S survival claims for personal injuries, damages, suffering and death and TWO MILLION DOLLARS ($2,000,000) for LUZ MERY MONCADA'S wrongful death claims for a total of SIX MILLION DOLLARS ($6,000,000) as requested in the Standard Form 95 for damages, interest, costs of suit and attorneys' fees allowable by law.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues triable thereto in the within action.

Respectfully submitted this 15th day of May, 2013.

Dated: New York, New York
      May 15, 2013

*[signature]*

Michael G. Bruck, Esq. (MB 9422)
*Of Counsel*
**THE PAGAN LAW FIRM, P.C.**
*Attorneys for Plaintiffs*
245 Fifth Avenue, Suite 1002
New York, New York 10016
Phone: (212) 967-8202